**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:06-CR-83-5 |
| | § | |
| KARA LEANNE WELCH | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On June 9, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Kara Leanne Welch. Defendant stated she understood that she was under oath, understood that she had a right to proceed before a United States District Judge and waived that right, understood the proceeding before her, was not under the influence of any drugs or alcohol at the time of the hearing, consulted with her attorney, was satisfied with her attorney, and was competent and ready to plead true. The government was represented by Allen Hurst, standing in for Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Federal Public Defender Kenneth Robert Hawk, II.

Defendant was sentenced on March 27, 2007, before The Honorable Leonard E. Davis of the Eastern District of Texas after pleading guilty to the offense of Misprision of a Felony, a Class E felony. This offense carried a statutory maximum imprisonment term of three (3) years. The guideline imprisonment range, based on a total offense level of 9 and a criminal history category of I, was 4 to 10 months. Defendant was subsequently sentenced to 6 months imprisonment and one year of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment, and mental health treatment. On June 26, 2007, Defendant completed her period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was subject to the following conditions that Defendant allegedly violated:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

3. The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

5. The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet six of the judgment.

6. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

In its petition, the government alleges that Defendant violated her conditions of supervised release in the following ways:

1. On April 3, 2008, Defendant attempted to use a device in order to falsify a drug test at the Tyler U.S. Probation Office. This conduct is against the laws of the State of Texas.

2. Defendant submitted a urine specimen on March 17, 2008, which tested positive for cocaine. On April 23, 2008, Defendant submitted a urine specimen which tested positive for

methamphetamine and marijuana.

3. Defendant failed to report to the U.S. Probation Office on April 14, 2008.

4. Since Defendant's supervision term commenced on June 26, 2007, she has failed to provide the U.S. Probation Officer with any employment information or pay-stubs.

5. Defendant has a balance of $35 owed on the $100 special assessment.

6. Defendant failed to attend a scheduled substance abuse counseling appointment on April 15, 2008, at the Wade Wellness Center. Defendant failed to submit to drug testing as required by the random drug testing program on March 3, 2008, March 27, 2008, April 15, 2008 and April 21, 2008.

At the hearing, the parties indicated they had come to an agreement whereby Defendant would plead true to the above alleged violations of her conditions of supervised release. In exchange, the Government agreed to recommend that Defendant serve 5 months in prison with no supervised release to follow.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than one (1) year of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Should the Court find that Defendant violated her conditions of supervised release by possessing cocaine or methamphetamine, she will be in violation of Texas Health and Safety Code § 481.115, which is considered by the Sentencing Guidelines to be "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding

one year," a Grade B violation. U.S.S.G. § 7B1.1(a)(2). Upon a finding of a Grade B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a). Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession.

Pursuant to the Sentencing Reform Act of 1984, the Court accepts Defendant's plea of true to the above allegations, and the Court hereby **RECOMMENDS** that Defendant Kara Leanne Welch's term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months with no additional term of supervised release to follow.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge Leonard E. Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 10th day of June, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE